J-S16008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAVAR L. THOMPSON | : | |
| | : | |
| Appellant | : | No. 1375 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 12, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000054-2021

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:              **FILED: AUGUST 28, 2025**

Shavar L. Thompson appeals from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, after a jury convicted him of delivering controlled substances[1] and conspiracy.[2]  We affirm.

The Commonwealth of Pennsylvania presented the following evidence. Jason Paul, a Harrisburg City Bureau of Police detective, testified that on September 30, 2020, he used a confidential informant (CI) to arrange a drug buy from a target known to the CI as "D."  **See** N.T. Jury Trial, 6/11/24, at 207.[3]  Detective Paul tasked Shayne Barber, a police officer employed by the Lower Paxton Police Department, to act as the undercover officer for the

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 903.

[3] "D" was later identified as Jeffrey Dodd.  **See** N.T. Jury Trial, 6/11/24, at 207.

operation. Officer Barber testified that he drove the CI to "the area of 16th Street and Zarker Street," as directed by "D." *Id.* at 136. A few minutes after arrival, the CI received additional instructions via phone. Officer Barber then drove down Zarker Street, which "is an alley." *Id.* at 138. The CI exited the vehicle and approached a male, whom Officer Barber identified as Thompson. Officer Barber saw Thompson hand the CI an item. The CI immediately returned to the vehicle and Officer Barber took possession of the purchase. The parties stipulated the item contained .37 grams of cocaine.

Detective Paul and other members of his team established surveillance near 16th and Zarker Streets and, as they did not know who would be making the delivery, took photographs of multiple individuals in the area, including Thompson. *Id.*, 6/12/24, at 207. Officer Barber viewed the photographs after the transaction and identified Thompson as the seller. *Id.* at 208. However, photographs of the sale could not be obtained as Detective Paul testified that the transaction occurred "in a cut between houses." *Id.* at 236. Due to this location, "the only way . . . to get pictures is if [someone else] were in the cut" with the seller. *Id.*

The jury convicted Thompson at both counts and, at Thompson's request, the trial court immediately sentenced him to an aggregate period of 11 to 22 months' incarceration, with immediate release due to his time credit satisfying the sentence. Thompson filed a timely post-sentence motion, and, following its denial, timely appealed to this Court. Both Thompson and the

trial court have complied with Pa.R.A.P. 1925.  Thompson raises two claims

for our review:

> A. Whether the trial court erred in accepting the jury's verdict where the Commonwealth failed to present sufficient evidence to prove it was [Thompson] who delivered the cocaine.

> B. Whether the trial court erred in accepting the jury's verdict[,] which was contrary to the weight of the evidence[,] which favored another individual.

Appellant's Brief, at 4 (unnecessary capitalization omitted).

Thompson first challenges the sufficiency of the evidence supporting

both of his convictions.  Our standard of review is well-settled.  We must

"assess the evidence and all reasonable inferences drawn therefrom in the

light most favorable to the verdict-winner."  **Commonwealth v.**

**Beauchamps**, 320 A.3d 717, 721 (Pa. Super. 2024).  Those inferences are

"sufficient to support the verdict when [they] establish[] each material

element of the crime charged and the commission thereof by the accused,

beyond a reasonable doubt."  **Commonwealth v. Brashear**, 331 A.3d 669,

672 (Pa. Super. 2024).  We follow the United States Supreme Court's decision

in **Jackson v. Virginia**, 443 U.S. 307 (1979), which directs the reviewing

court to address "whether, after viewing the evidence in the light most

favorable to the prosecution, **any** rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt."

**Commonwealth v. Brown**, 52 A.3d 1139, 1163 (Pa. 2012) (quoting

**Jackson**, 443 U.S. at 319).

Here, Thompson does not challenge any element of his convictions. Instead, he disputes whether the evidence sufficiently establishes that he handed the cocaine to the CI. "In addition to proving the statutory elements of the crimes charged beyond a reasonable doubt, the Commonwealth must also establish the identity of the defendant as the perpetrator of the crimes." ***Commonwealth v. Brooks***, 7 A.3d 852, 857 (Pa. Super. 2010). ***See also Commonwealth v. Harris***, 315 A.3d 26, 36 (Pa. 2024) (stating courts "have broadly referred to identity as an element of a crime in limited circumstances").

Notably, this is not a case of circumstantial evidence supporting identity, as Officer Barber testified that he maintained visual contact of the CI from the time the CI exited the vehicle until the time he returned to the car. ***See*** N.T. Jury Trial, 6/10/24, at 146. Officer Barber unequivocally identified Thompson as the man who sold the drugs to the CI. ***See id.*** at 147. Furthermore, a short time after the sale, Detective Barber reviewed the photographs taken by Detective Paul and identified Thompson as the individual who handed the drugs to the CI. He reiterated these points on cross-examination. ***Id.*** at 176-77 ("I was there for the drug transaction. . . . I could see you. I then saw the pictures that they took of you after.").[4] This testimony, standing alone, permitted a rational trier of fact to conclude that Thompson sold the drugs to the CI.

_____

[4] Thompson represented himself at trial.

- 4 -

Thompson's sufficiency argument is based upon his arguments at trial—mistaken identity combined with a lack of motive. At trial, Officer Barber testified that, while he and the CI awaited further instruction at the intersection, an unidentified black male approached Officer Barber's vehicle and spoke with him. Officer Barber denied Thompson's implication that this male was the individual who sold the drugs.[5] In closing arguments, Thompson emphasized that "[p]eople make identification mistakes all the time," *id.* at 357, and pointed to the Commonwealth's failure to produce a photograph of the hand-to-hand transaction. Thompson repeats many of these arguments in his brief and adds that the Commonwealth did not connect him to Dodd, the target of the investigation.

These arguments address the weight of the testimony, not its sufficiency. Thompson asks this Court to override the jury's credibility findings and accept his testimony as the true version of events. However, "it is the fact-finder's province to weigh the evidence, determine the credibility of witnesses, and believe all, part, or none of the evidence submitted." *Commonwealth v. Sanchez*, 82 A.3d 943, 972 (Pa. 2013). Detective Barber clearly identified Thompson as the individual who made the hand-to-hand transaction with the CI. That testimony was sufficient to identify Thompson

_____

[5] In conjunction with this suggestion, Thompson agreed that he was depicted in the photographs and that he was in the general area at the time of the sale. However, he offered evidence establishing that he owned and worked at a nearby business and argued that he would not jeopardize his career over $40.00.

as the perpetrator of both crimes, and we may not adopt his version of events in assessing the sufficiency of the evidence. **See** **_Commonwealth v. Smyser_**, 195 A.3d 912, 916 (Pa. Super. 2018) ("An argument that the finder of fact should have credited one witness's testimony over that of another goes to the weight of the evidence, not the sufficiency of the evidence."). Accordingly, this claim is meritless.

Thompson's second claim similarly challenges the weight of the evidence supporting the verdict. He argues that the trial court abused its discretion by denying his post-sentence motion seeking a new trial on weight grounds.

We do not examine "whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." **_Commonwealth v. Cruz_**, 919 A.2d 279, 282 (Pa. Super. 2007). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." **_Commonwealth v. Widmer_**, 744 A.2d 745, 753 (Pa. 2000). Accordingly, "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." **_Id._** "This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered."

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013). We must examine the reasons offered by the trial court to determine whether the court "reach[ed] a dispassionate conclusion within the framework of the law[.]" *Id.*

We find no abuse of discretion in the trial court's ruling that the weight of the evidence supported the verdict. The trial court opined that "the compelling eyewitness testimony of Officer Barber as well as Detective Paul's testimony regarding the surveillance footage in the area of the controlled buy compellingly infers [sic] that the cocaine involved in the controlled buy was delivered by [Thompson] and nobody else." Trial Court Opinion, 11/27/24, at 7-8. In its view, "the jury's determination that [Thompson] committed the controlled buy was not remotely shocking to the judicial conscience and was not against the weight of evidence." *Id.* at 8-9. The trial court observed the proceedings, and its conscience was not shocked by the verdict. Its decision not to grant a new trial is based "on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions." *Widmer*, 744 A.2d at 753. As such, there is no abuse of discretion. *See Commonwealth v. Thomas*, 194 A.3d 159, 168 (Pa. Super. 2018) (rejecting weight claim on appeal because the "eyewitnesses . . . identif[ied Thomas] as the man who murdered [the victim], and the jury found these incriminating statements credible despite zealous cross-examination by the defense"). The claim, therefore, fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/28/2025