J-S03030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICKERS BEAUCHAMPS | : | |
| | : | |
| Appellant | : | No. 1273 MDA 2025 |

Appeal from the PCRA Order Entered August 28, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000448-2022

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY BECK, J.:                    **FILED: APRIL 15, 2026**

Nickers Beauchamps ("Beauchamps") appeals pro se from the order entered by the Franklin County Court of Common Pleas dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because we conclude that Beauchamps' claims are either not cognizable under the PCRA or waived, we affirm.

A prior panel of this Court summarized the facts and procedural history of this case as follows:

> [Beauchamps] was required to register [pursuant to the Sexual Offender Registration and Notification Act ("SORNA")[2]] due to his conviction for child pornography charges, for which he was arrested on June 18, 2018.  He entered a plea on July 18, 2018, and was sentenced on August 29, 2018, to a period of nine months

---

[1]  42 Pa.C.S. §§ 9541-9546.

[2]  **See** 42 Pa.C.S. §§ 9799.10–9799.42.

of incarceration in the county jail, followed by five years of restrictive intermediate punishment. [Beauchamps] initially registered as a sexual offender in Pennsylvania on March 15, 2019. *See* Trial Court Opinion, 10/6/23, at 2 ("[Beauchamps] completed his initial registration … on March 15, 2019, and … is required to register every twelve months until March 15, 2034."). [Beauchamps] signed paperwork acknowledging his SORNA obligations.

[Beauchamps] was ordered to return to Pennsylvania from Florida for violations of his intermediate punishment program sometime in October of 2020, which resulted in his incarceration through December 28, 2021. Thereafter, [Beauchamps], according to his testimony, "stayed with his friend for about a week" before he had enough money "to go back down to Florida." N.T. Trial, 12/1/22, at 72. Pennsylvania State Police ("PSP") trooper Erica Polcha testified that she received a request to investigate [Beauchamps] for noncompliance on February 2, 2022. She learned through her investigation that [Beauchamps] had initially registered a Florida address with that jurisdiction's equivalent of the PSP no later than February 28, 2020. She identified October 27, 2020, as [Beauchamps'] last update with the PSP. *See* N.T. Trial, 12/1/22, at 51. Trooper Polcha determined that [Beauchamps] last updated his address with Florida authorities on or about February 28, 2022, and she testified that [he] never informed the PSP that he had moved to Florida or otherwise satisfied his annual registration obligations. *Id.* at 50. [Beauchamps] was arrested and charged with one count each of violating 18 Pa.C.S. § 4915.1(a)(1) and (2) [for failing to comply with his SORNA registration and reporting obligations].

A jury convicted [Beauchamps] of both counts [and the trial court sentenced him to sixteen to thirty-six months in prison].

*Commonwealth v. Beauchamps*, 320 A.3d 717, 720 (Pa. Super. 2024)

(original brackets and footnotes omitted).

[T]he Superior Court affirmed [Beauchamps'] judgment of sentence on July 30, 2024.

[Beauchamps] filed a [PCRA petition] on November 18, 2024, and [the PCRA court] appointed Attorney Erich E. Hawbaker

(hereinafter "Attorney Hawbaker") to file an amended petition … within sixty days.  On January 22, 2025, Attorney Hawbaker filed a no merit letter and motion to withdraw as counsel … pursuant to [**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. 1988)].  On April 22, 2025[, the PCRA court] issued an order granting Attorney Hawbaker's motion to withdraw as counsel, notifying [Beauchamps] of [its] intent to dismiss his PCRA petition[,] and directing him to respond within twenty [] days as per Pa.R.Crim.P. 907(1).  On May 8, 2025[,] and before the twenty-day period had run and before [the PCRA court] ordered the petition dismissed, [Beauchamps] filed a notice of appeal.  Apparently[,] through administrative error, we issued an order on May 8, 2025, directing [Beauchamps] to file a concise statement of matters complained of on appeal, of which [Beauchamps] timely complied.

On August 26, 2025, the Superior Court of Pennsylvania quashed [Beauchamps'] appeal for lack of jurisdiction.  Thereafter, on August 28, 2025, [the PCRA court] dismissed [Beauchamps'] PCRA petition.  [He] then appealed to the Superior Court of Pennsylvania from that order.  We issued an order on September 10, 2025, directing [Beauchamps] to file a concise statement of matters complained about in appeal.  Once again, [Beauchamps] timely complied.

PCRA Court Opinion, 10/22/2025, at 2-3.

"We review the denial of PCRA relief by examining whether the PCRA court's conclusions are supported by the record and free from legal error." **Commonwealth v. Johnson**, 289 A.3d 959, 979 (Pa. 2023).  "[W]e defer to the factual findings of the post-conviction court, which is tasked with hearing the evidence and assessing credibility." **Id.**  Our standard of review of a PCRA court's legal conclusions, however, is de novo.  **Id.**

The legal issues Beauchamps seeks to raise in his pro se appellate brief are difficult to discern as his brief contains no statement of questions involved and largely fails to otherwise comply with the Pennsylvania Rules of Appellate

Procedure. **See** Pa.R.A.P. 2111(a)(4), 2116. Notably, the argument section of his brief is a little less than a page in length. **See** Beauchamps' Brief at 7-8 (unnumbered); **see also** Pa.R.A.P. 2119 ("The argument shall be divided into as many parts as there are questions to be argued."). We set forth and address the issues Beauchamps attempts to raise as best we can discern.

Beauchamps first appears to challenge his underlying convictions, i.e., that the trial court should have dismissed the charges against him for failing to comply with his SORNA registration and the associated reporting requirements. **See** Beauchamps' Brief at 7 (unnumbered). He asserts that his registration and reporting requirements were tolled while he was incarcerated from October 2020 until December 2021 and that he was wrongly punished for failing to report during that time.[3] **See id.**

For a claim, to be cognizable under the PCRA, the petitioner must raise a claim that the conviction or sentence was the result of one (or more) of the following:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

---

[3] Section 9799.15 of SORNA provides: "The period of registration … shall be tolled for the period of time in which the individual specified in [§] 9799.13 is … incarcerated in a Federal, State or county correctional institution, excluding a community contract facility or community corrections center[.]" 42 Pa.C.S. § 9799.15(c)(1)(ii).

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

* * *

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

Further, to be eligible for relief, a PCRA petitioner must plead and prove that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id.* § 9544(a)(2).

The arguments now raised before this Court constitute direct challenges to his convictions and are not cognizable on collateral review. Further, Beauchamps challenged his convictions for failing to comply with his registration requirements under SORNA on several bases in his direct appeal to this Court. *See Beauchamps*, 320 A.3d at 720-25. Indeed, he raised on

- 5 -

direct appeal the exact argument he now raises before this Court regarding the tolling of his registration requirement. *See id.* Ultimately, this Court rejected each of his challenges to his convictions. *See id.* Thus, Beauchamps' claim challenging his underlying convictions is ineligible for PCRA relief. *See* 42 Pa.C.S. §§ 9543(a)(3), 9544(a)(2); *see also Commonwealth v. Brown*, 872 A.2d 1139, 1144 (Pa. 2005) (holding defendant's claim raised on direct appeal and rejected by the appellate court was a previously litigated claim under the PCRA and could not be presented or reviewed again on collateral review).

Next, Beauchamps appears to contend his trial counsel was ineffective. *See* Beauchamps' Brief at 6-8 (unnumbered). He asserts that his trial counsel gave him incorrect advice that coerced him into waiving his right to a preliminary hearing and that counsel was not prepared to represent him at trial. *See id.*

Beauchamps' argument relating to his claim that his trial counsel was ineffective is only a few sentences in length, contains no citations to authority or the record, and comprises nothing more than bald allegations of ineffectiveness against his attorney. *See id.* At no point does he even attempt to explain what deficient advice his trial counsel gave him nor does he explain how his trial counsel was unprepared to represent him at trial. *See id.*

"The Rules of Appellate Procedure … state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted). "This Court will not consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue." *In re C.R.*, 113 A.3d 328, 336 (Pa. Super. 2015). The failure to include citations to relevant authority constitutes waiver of the issue on appeal, as it is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. *Commonwealth v. Johnson*, 985 A.2d 915, 924-25 (Pa. 2009).

Beauchamps' ineffective assistance of counsel argument is completely undeveloped and renders us incapable of performing meaningful appellate review, as he provides us with no basis upon which we could grant him relief. Accordingly, we find his ineffective assistance of counsel claims waived. *See id.*

As Beauchamps has failed to raise any issues that entitle him to relief, we conclude that the PCRA court did not err in dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>04/15/2026</u>